HILARIO AYENDE ET AL., Plaintiffs and Appellants, *v.* FRAN-CISCO CRESPO, Defendant and Appellee.

No. 4284. Argued March 29, 1928.—Decided May 3, 1928.

*L. H. Tirado* for the appellants.    *V. Polanco* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

An action was brought in the District Court of Arecibo by Hilario Ayende and Bartola Santos against Francisco Crespo to recover the sum of $2,200 as damages for the nonperformance of a contract.

The plaintiffs alleged that on September 26, 1917, they and the defendant entered into a partnership contract for establishing and maintaining an apiary for the sale of honey and wax, the plaintiffs contributing twenty-five beehives and the defendant twenty-five dollars, the defendant binding himself to purchase when necessary and contribute to the

partnership the fixtures and utensils that might be required for properly carrying on the business; that the number of hives increased during the first year and also during the second year, reaching the number of 99, and in those two years the output of the apiary was seventeen barrels of honey which were delivered to the defendant and two more barrels which were sold by Ayende, one of the plaintiffs; that in 1920 the defendant Crespo began to fail in performing the obligations of the contract, especially as regards furnishing the fixtures and utensils, and since that time he has refused to continue performing them notwithstanding the demands made on him, and such refusal and negligence have occasioned the decline and discontinuance of the business, causing the plaintiffs damages in the sum of $2,200, and that the plaintiffs do not wish to continue the partnership. They prayed the court to adjudge that the defendant pay to the plaintiffs the $2,200 and to order the dissolution of the partnership, with the costs against the defendant. The defendant answered the complaint after his motion to strike out and his demurrer had been overruled. In his answer the defendant pleaded *res judicata* on the ground that the same plaintiffs had brought an action in the Municipal Court of Ciales against the same defendant Crespo for damages based on the same facts which are alleged in the complaint in the present case, the cause of action and the relief prayed for being the same, and that in that action the said municipal court had rendered a judgment on November 24, 1922, dismissing the case and the plaintiffs did not appeal therefrom; that the defendant had always furnished to the plaintiffs the required fixtures and utensils, but plaintiff Ayende did not look after the apiary and allowed the utensils to be lost; that the plaintiffs delivered honey to the defendant which after liquidation yielded $334.78 and this was credited to the expense account without leaving any surplus; that Ayende, in violation of the contract and without the knowledge of the defendant, sold honey from the

beehives of the partnership without rendering an account of such sales, gave his time and activity to other apiaries and lent to others the utensils and fixtures of the partnership.

The case went to trial, the evidence was examined and on December 30, 1926, the court rendered judgment against the plaintiffs. The judgment is accompanied by a statement of the case and opinion wherein the court stated its findings of fact and conclusions of law in the case. It is well to transcribe it here:

"On September 26, 1927, Hilario Ayende and Bartola Santos of one part and Francisco Crespo of the other agreed upon and stipulated in Ciales as follows:

" 'That Bartola and Ayende are the owners of twenty-five beehives valued at fifty dollars by the contracting parties. Crespo delivers to Bartola and her son twenty-five dollars as half of the value of the beehives as his contribution to the partnership under the management of Ayende and the inspection of Crespo on a property of the latter, who will take charge of the development and proper care of the business.

" 'Crespo binds himself to buy when necessary and contribute to the partnership all the utensils that may be required for the proper management of the business.

" 'The partnership shall reimburse Crespo for that outlay with interest thereon as soon as the business begins to bring returns.

" 'The contracting parties bind themselves not to sell their shares in this business to any particular person without the mutual consent of the parties.'

"In 1918 the apiary increased the number of beehives to fifty-eight. In that year it produced seven and one-half barrels of honey of fifty gallons each. In 1919 the number of beehives of the apiary reached ninety-nine. In that year it produced nine and one-half barrels of honey of fifty gallons each. The barrels of honey produced in the two years, or seventeen in all, were delivered to the partner Crespo, the defendant herein, who sold them through one of his employees.

"After the second crop of honey, that is in 1920, Crespo failed to furnish the partnership with the necessary implements for the proper management of the business.

"Under these circumstances this action was brought. The plaintiffs allege that they had suffered damages to their interests in the partnership and damages by reason of prospective earnings because of the nonperformance of the contract on the part of the defendant, which damages they estimate at two thousand dollars. They base their action on section 1588 of the Civil Code. In his answer the defendant denied the facts and set up several special defenses.

"The trial of this case took place on November 17, 1926, with the attendance of the parties and their attorneys, on parol and documentary evidence.

"Why did Crespo fail to furnish the partnership with the necessary fixtures for the proper conduct of the business, as he had bound himself to do under the contract?

"Crespo himself is going to tell us. He testified that the business is not in existence today because on making the second extraction of honey he noticed that Ayende was sending honey in the comb to be sold in town by a boy and because he engaged in lending the implements of the apiary, and that owing to those sales and the loans he considered the contract as terminated.

"These statements of Crespo in regard to the selling of honey and the lending of the fixtures by Ayende have not been corroborated. The persons alleged to have bought honey from Ayende were not produced as witnesses; nor was the boy who was alleged to have sold the honey by order of Ayende; nor were the persons to whom it was alleged that Ayende had lent the implements of the partnership. These facts were denied by the plaintiffs in their testimony. There is a preponderance of the evidence against the truth of the acts imputed to one of the plaintiffs.

"But even admitting that such were the facts, there is nothing in the contract to prevent or prohibit Ayende or the other plaintiff from selling honey or lending the implements of the partnership. That contract is operative as between the parties and nothing which is not contained therein can be included or construed into it, in the absence of a modification of the clauses of the contract. It is a legal precept that where no agreement has been made with regard to the form of management, all of the partners shall be considered agents and whatever any one of them may do shall bind the partnership, and that every partner may make use of the things which make up the partnership provided he does not do so against the interest of the partnership or in such manner as to prevent the use thereof to which his copartners are entitled. Sec. 1598 Civil Code; 11 Manresa, 371.

"The reasons stated by Crespo are insufficient to convince the court that he was justified in rescinding the contract in the way he did. There is a remedy in the law for every wrong and the law can not be disregarded.

"It is evident that it was the defendant who rescinded the contract by failing to comply with the stipulations to which he bound himself. The nonperformance of the contract on his part brought as a consequence the total cessation of the business of producing and selling honey by the partnership.

"The defendant alleges that the complaint does not set forth facts sufficient to state a cause of action. We think it does. The complaint clearly alleges the existence of a contract and its nonperformance by the defendant. Pescay v. Fernández, 27 P.R.R. 469.

"In his answer the defendant alleges that the Municipal Court of Ciales heard and decided a civil action between the same parties and on the same cause of action and therefore this is a case of res judicata. But this allegation was not proved by the defendant.

"The defendant likewise alleges that Ayende did not look properly after the apiary, his negligence being such that he let the implements get lost and damaged for want of proper care. This allegation of the answer was not proved.

"The defendant alleges that after the honey delivered by the plaintiffs had been valued and liquidated at $334.78 this sum was credited to the account of the installation, extension and care of the apiary. The defendant did not prove this allegation.

"And lastly it is alleged by the defendant that plaintiff Ayende, in violation of the partnership contract and of the agreement between the parties stipulating that he could not dispose of any amount of honey produced in the apiary, sold honey without rendering an account thereof to the defendant. We have already stated that there is nothing stipulated in the contract in this respect, and as to the alleged agreement, its existence has not been shown.

"The plaintiffs have proved that in 1918 there was an output of 375 gallons of honey which at the then price of $2 per gallon amounted to $750; that in 1919 they produced 475 gallons of honey which at the then market price of $1.50 per gallon amounted to $712.50. The total value of the honey produced amounts, therefore, to $1,562.50.

"But the plaintiffs have not proved the expenses entailed by the extension, care and development of the apiary, with the necessary working implements, or the expenses of production, etc. The

proof of the output only is not sufficient. Not even the proof of the proceeds from the sale of the honey.

" 'Evidence only of what is obtained from the sale of the products does not show their value, because there are necessary expenses and those expenses must be deducted from the price obtained; the burden of proof of both items being on the person who seeks to recover in order to show that the property yielded profits.' Arvelo v. Banco Territorial, 29 P.R.R. 996; Roig v. Pérez, 27 P.R.R. 281; Sánchez v. Hartzell, 26 P.R.R. 620; Morales v. Landrau, 15 P.R.R. 761.

"In order that a person may be adjudged to pay a fixed sum as damages for the nonperformance of a contract the party claiming it must place the trial court in a position to enable it to determine what amount ought actually to be paid. Roig v. Pérez, *supra.*

"For the foregoing reasons the court is of the opinion that the complaint should be, and is hereby, dismissed, without special imposition of costs. The clerk will enter judgment accordingly."

The appellants assign two errors. The first refers to the erroneous consideration of the nature of the action. In that respect the appellants contend that their action is an action for damages wherein other elements may be included, and that undoubtedly the court did not consider any other aspect than that of the amount that the appellants failed to receive from the proceeds of the honey sold and disregarded the other particulars such as the nonperformance of the contract by the defendant and the damages arising from such nonperformance.

Decidedly that error can not be fully imputed to the court. The action that should have been brought would be that arising under section 1091 of the Civil Code as a general statute and section 1583 of the same code as specially referring to a partnership contract. The sections cited read as follows:

"Sec. 1091. The right to rescind the obligations is considered as implied in mutual ones, in case one of the obligated persons does not comply with what is incumbent upon him.

"The person prejudiced may choose between exacting the fulfillment of the obligation or its rescission, with indemnity for dam-

ages and payment of interest in either case. He may also demand the rescission, even after having requested its fulfillment, should the latter appear impossible.

"The court shall order the rescission demanded, unless there are sufficient causes authorizing it to fix a period.

"This is understood without prejudice to the rights of third acquirers, in accordance with sections 1262 and 1265, and with the provisions of the mortgage law."

"Sec. 1583. Every partner is a debtor of the partnership for whatever he has promised to contribute thereto.

"He is also bound to eviction with regard to the specified and determined things he may have contributed to the partnership in the same cases and in the same manner as a vendor is bound with regard to the vendee."

There is on doubt that the contract entered into between the plaintiffs and the defendant is a civil partnership contract of a bilateral or multilateral character wherein the rights and obligations of the parties are mutual and reciprocal, which places the plaintiffs under the rule of section 1091 of the Civil Code of Porto Rico. From that statute is derived a faculty—that of rescission of obligations—and two procedural remedies—that very rescission and the demand for performance of the obligation; and in both cases the accessory remedy of indemnity for damages.

The action in such cases is not only that for indemnity, which is accessory here, but that for the rescission or that for the performance of contract. What is evident is that one of the parties by his own authority can not dissolve or rescind the contract, since that in practice would be equivalent to leaving the existence and validity thereof to the option of one of the contracting parties, thus violating the prohibition of section 1223 of the Civil Code.

Section 1583 of the Civil Code defines the obligation of a partner and the correlative right of the partnership in regard to the promised contribution thereto and the failure to contribute, thus establishing the ground for an action which

must be brought in the name of the partnership itself, and not of one or several of the partners.

Hilario Ayende and Bartola Santos had a right of action under section 1091 of the Code, and perhaps they should have brought it with more precision and in a more concrete form. They have sought mainly the indemnity and later (see the prayer of the complaint) the dissolution of the partnership, which is nothing more than the same rescission of obligations mentioned in section 1091 of the Code. That is to say, that in the prayer of the complaint the terms have been inverted, but that is not a fatal defect, particularly when in its discretion the court may disregard that error.

There is no doubt that in the present case there is sufficient cause for the dissolution of the partnership. Crespo, without any justification for his conduct, failed to contribute to the partnership the implements and utensils which he bound himself to furnish. By so acting he failed to perform his obligations under the contract. If the other partners demand it the partnership is broken, dissolved or rescinded. Logically the liquidation of the partnership follows and with it the determination of the assets and liabilities.

The judgment appealed from contains no clear and concrete pronouncement as regards the dissolution of the partnership and the opinion which is made a part of the judgment does not treat of the dissolution, but of the damages. However, as the complaint is dismissed by the judgment, the prayer for dissolution of the partnership is overruled.

The dismissal of the prayer for dissolution is an error in the judgment appealed from. The dissolution of the partnership and its liquidation as a logical consequence should have been declared in the said judgment.

It is true that in the brief of the appellants that error is not assigned in a direct and clear manner. The appellants seem only to have had in mind the action for damages which they consider as the principal action and do not give to it its true character. However, the error in the judgment is

of such importance that it may be called fundamental, and that is why it is considered in this opinion.

The second error assigned might be disregarded in view of the fact that the existence of the first has been determined, but it is well to say something more in that respect. The trial court was of the opinion that the plaintiffs had proved the proceeds of the sale of the honey to be $1,562.50. It is true that the expenses have not been shown, and the trial court holds that in conformity with the decisions in *Arvelo v. Banco Territorial*, 29 P.R.R. 996; *Roig v. Pérez*, 27 P.R.R. 281; *Sánchez v. Hartzell*, 26 P.R.R. 620, and *Morales v. Landrau*, 15 P.R.R. 761, the burden of proof of the expenses was on the plaintiffs. We do not entirely agree with the citation. In *Sánchez v. Hartzell* this court said:

" . . . By reason of the acts of the defendants the plaintiff has been deprived for years of the possession of a property which lawfully belonged to him. At the time of his eviction he had growing on the property crops which he could not harvest. Without calculating what the property could produce, but confining ourselves to the loss from the crops planted, and taking for this an amount which may necessarily be within the evidence, we are of the opinion that the least that justice demands is that the defendants reimburse the plaintiff in the sum of $500."

In *Roig v. Pérez* there was a serious indetermination of the damages and the evidence was vague, and this court was of the opinion that the claimant should place the court in a position to enable it to determine what amount ought to be paid.

The case of *Arvelo v. Banco Territorial* seems better to support the theory of the trial court. But the rule is not absolute and can not be invoked as such, for the circumstances peculiar to each case must be taken into account. When the proof of the expenses is in the possession of the defendant and the plaintiffs are unable to produce it we understand that that burden is not imposed on them so as

not to destroy their right by reason of circumstances beyond their control.

Apart from the fact that the court found proved the amount of the proceeds from the honey there are other facts which were also satisfactorily proved and which constitute the basis of a fair liquidation. The court found that in 1918 the apiary contained fifty-eight beehives and in 1919 reached the number of ninety-eight. It was shown that after having discontinued furnishing the necessary implements for the production of honey the number of beehives decreased and that the nonperformance of the obligations on the part of the defendant brought about the total stoppage of the business. The value of each beehive was also shown. As sufficient elements for a determination of the damages we find in the opinion attached to the judgment the statement that the value of the honey produced was $1,462.50 (it says $1,562.50, through an error of addition), and it appears from the record that each beehive was worth $20; that the number of beehives in the year that the defendant failed to perform the contract was ninety-nine and subsequent to such nonperformance it was reduced to fifty-nine, a loss of forty beehives amounting to $800. A simple arithmetical operation would give as a result $1,462.50, to which should be added the value of the lost beehives, or $800. There would be a total of $2,262.50, each party to the contract being entitled to one-half, or $1,131.25, and this should be the amount of the indemnity paid to the plaintiffs.

The evident temerity of the defendant justifies the imposition on him of the costs of the litigation.

The judgment appealed from must be reversed and substituted by another ordering the dissolution of the partnership and adjudging that defendant Francisco Crespo pay to the plaintiffs as a total sum for both of them and as damages $1,131.25, imposing on the defendant the costs, expenses and fees of the attorney for the plaintiffs.

Mr. Justice Wolf signed as concurring in the reversal, but not in the indemnity allowed, being moreover of the opinion that it would have been better to remand the case for a determination of the amount.